**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ARCHER WESTERN CONTRACTORS, LLC**     **CIVIL ACTION**

**VERSUS**                              **NO. 22-5323**

**THE MCDONNEL GROUP, LLC**             **SECTION: D (5)**

**ORDER AND REASONS**

Before the Court is a Motion for Reconsideration filed by the Defendant, The McDonnel Group, LLC.[1]  The Plaintiff, Archer Western Contractors, LLC, opposes the Motion.[2]  TMG filed a Reply in support of its Motion.[3]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

As the Court and the parties are well-versed in the factual background of the events germane to this lawsuit, the Court adopts by reference the factual and procedural background addressed in several prior Orders.[4]  Accordingly, the Court summarizes the relevant procedural background only as it relates to the instant Motion for Reconsideration.

AWC's claims in this litigation can be broadly divided into two separate groups. First are AWC's claims concerning TMG's alleged failure to make capital contributions to the Joint Venture in the mid-2010s.  And second are AWC's claims

---

[1] R. Doc. 165.
[2] R. Doc. 171.
[3] R. Doc. 172.
[4] *See* R. Docs. 50, 67, 146 & 158.

regarding TMG's April 29, 2022 settlement agreement with the Owner. As to each group, AWC has asserted claims for breach of contract and breach of fiduciary duty. AWC also has asserted a claim of enrichment without cause as to TMG's settlement agreement.

The parties have filed several Rule 56 motions for summary judgment concerning AWC's claims. First, TMG filed a Motion for Partial Summary Judgment seeking dismissal of any and all claims against TMG for the monies allegedly loaned to TMG by AWC for the capital contributions.[5] This motion pertained only to the capital contributions portion of this lawsuit. The Court granted the motion, agreeing with TMG that, without unanimous approval by the Joint Venture Executive Committee, AWC's capital contribution determinations did not bind TMG and the loan provisions of Article 7(e) therefore did not apply.[6] As the motion only sought the dismissal of claims to recover monies allegedly loaned by AWC to TMG, the Court did not address any other claims AWC may have asserted regarding capital contributions.

Next, AWC filed a Motion for Partial Summary Judgment asking the Court to rule that: (1) TMG breached the parties' Joint Venture Agreement by settling claims with the Owner; (2) TMG breached its fiduciary duty to AWC by settling claims with the Owner; and (3) TMG owes AWC accrued interest pursuant to Article 7(e) for the capital amounts loaned to TMG.[7] Following extensive briefing and oral argument on

---

[5] R. Doc. 55 ("TMG seeks dismissal of plaintiff Archer Western Contractors, LLC's claims for amounts allegedly loaned to TMG for capital calls to which TMG never consented.").
[6] R. Doc. 146.
[7] R. Doc. 58.

the motion, the Court granted the motion in part and denied it in part.[8]  Specifically, the Court agreed with AWC that TMG's settlement agreement with the Owner constituted a breach of the Joint Venture Agreement and thus granted the first portion of AWC's motion.  Having found merit to the settlement agreement portion of AWC's breach of contract claim, the Court denied AWC's second request to rule that TMG breached its fiduciary duty to AWC via the settlement agreement as duplicative of its breach of contract claim.  The Court then noted that any breach of fiduciary duty claims related to TMG's performance in the Joint Venture and non-payment of capital contributions were not the main subject of the motion and could not be resolved at that stage.[9]  Finally, the Court denied the portion of AWC's motion asking the Court to rule that TMG owed accrued interest payments to AWC, explaining that this request had been mooted by the Court's prior ruling that no Article 7(e) loans ever came into existence.

Third, TMG filed a Motion for Partial Summary Judgment – No Damages asking the Court to dismiss AWC's unjust enrichment claim and the breach of fiduciary duty claim as that claim relates to TMG's settlement agreement.[10]  TMG did not ask the Court to dismiss the breach of contract claim or any claim regarding the alleged failure to contribute working capital to the Joint Venture.[11]  Following

---

[8] R. Doc. 158.

[9] *Id.* ("However, the Court finds that AWC's remaining capital contribution claims cannot be resolved by the Court at the summary judgment stage due to genuine disputes of material fact.  Those allegations have not been fully developed and the underlying facts are disputed by the parties.").

[10] R. Doc. 124.

[11] *Id.* ("TMG seeks dismissal of Plaintiff, Archer Western Contractors, LLC's ('AWC'), claims for breach of fiduciary duty and unjust enrichment on the grounds that AWC has stated under oath that it has not suffered any damages outside of the alleged loans or capital call contributions it claims TMG was required to make, even though the Executive Committee did not provide unanimous approval.  As set

the Court's partial granting of AWC's Motion for Partial Summary Judgment discussed above, the Court held a telephone status conference at which time TMG agreed that its motion had been mooted by the Court's Order.[12]  Because the Court found that TMG breached the Joint Venture Agreement by settling with the Owner, AWC's claims for breach of fiduciary duty and unjust enrichment, insofar as they too were predicated on the settlement agreement, were themselves rendered moot by the Court's Order.  As such, TMG's motion addressed claims no longer viable.

In sum, following robust motions practice in this case, the Court has determined that (1) AWC's breach of contract claim regarding working capital contributions fails to the extent that AWC seeks to recover monies loaned to TMG under Article 7(e); (2) TMG breached the Joint Venture Agreement by settling a potion of the Joint Venture's claims with the Owner; (3) any breach of fiduciary duty claim regarding TMG's failure to make capital contributions and to participate in good faith in the Joint Venture Executive Committee is unable to be fully determined by the Court on summary judgment but is subject to the Court's determinations in (1); and (4) AWC's breach of fiduciary duty claim premised on the settlement agreement is duplicative of its breach of contract claim discussed in (2) and has thus been mooted by the Court's determination thereof.  Although the Court has not explicitly addressed AWC's enrichment without cause claim asserted in Count 3, by finding that TMG's Motion for Partial Summary Judgment – No Damages, which

---

forth more fully in the accompanying memorandum in support, the absence of damages for the breach of fiduciary duty claims (outside of the alleged capital calls/loans) and unjust enrichment warrants summary judgment dismissing those claims.").

[12] R. Doc. 159.

sought dismissal of Count 3, had been mooted by its earlier Order, the Court has implicitly determined that that claim too is duplicative of the relief sought in Count 1 and therefore also moot.[13]

In the instant Motion, TMG asks the Court to reconsider its interlocutory rulings granting in part and denying in part AWC's Motion for Partial Summary Judgment and denying as moot TMG's Motion for Partial Summary Judgment – No Damages.[14]  TMG's request is twofold.  First, TMG asks the Court to revise its prior orders to close the door on any claims for either breach of contract or breach of fiduciary duty pertaining to TMG's alleged failure to make working capital contributions.  Relying on language from the Court's earlier Order[15] granting TMG's Motion for Partial Summary Judgment, TMG argues that AWC has no viable claims against it for its performance or lack thereof in the Joint Venture because TMG had the contractual right to not agree to the working capital requests.  TMG asks the Court to render summary judgment in its favor on Counts I and II relative to the capital contribution claims.

Second, TMG contends that the Court should reconsider its Order[16] granting summary judgment in favor of AWC on its breach of contract claim regarding TMG's settlement agreement because AWC fails to establish that they were damaged by the

---

[13] Under Louisiana law, a party may only recover for unjust enrichment or enrichment without cause where there is no other remedy at law.  *See Kirkpatrick v. Young*, 456 So. 2d 622, 624 (La. 1984) (citing *Minyard v. Curtis Products, Inc.*, 251 La. 624 (1967)).  As AWC's enrichment without cause claim is premised on TMG's settlement agreement, that claim fails because AWC does have an adequate remedy at law, *i.e.*, the breach of contract claim in Count 1 on which the Court has already granted AWC summary judgment.
[14] R. Doc. 165.
[15] TMG references the Court's Order and Reasons at R. Doc. 158.
[16] TMG references the Court's Order and Reasons at R. Doc. 158.

settlement agreement. TMG mostly reiterates the arguments it previously made in its briefing on AWC's motion and which were considered, and rejected, by the Court. TMG asks that the Court vacate its prior Order and Reasons and grant TMG's Motion for Partial Summary Judgment – No Damages.

In response, AWC argues that both of TMG's requests for reconsideration should be denied.[17] As to the first part of TMG's Motion, AWC argues that TMG never clearly specifies which order it seeks reconsideration of and that the Motion is instead an "untimely and unfounded dispositive motion in disguise."[18] According to AWC, there is no order that the Court could reconsider that would grant TMG the relief it now seeks, namely, the dismissal of any and all claims related to TMG's alleged failure to make working capital contributions. AWC also argues that TMG's statements mischaracterize AWC's remaining claims and improperly ask the Court to assume certain disputed facts. Next, AWC argues that the second half of TMG's Motion should also be denied because this Court has already addressed TMG's damages-related arguments and rejected them. In short, AWC asks the Court to deny the Motion as improper and without merit.

In reply, TMG states that AWC incorrectly cites to outdated Fifth Circuit jurisprudence on the proper standard for Rule 54(b) motions for reconsideration and that any suggestion by AWC that its Motion was untimely is baseless.[19] TMG also rehashes its arguments about the Executive Committee unanimity requirements in

---

[17] R. Doc. 171.
[18] *Id.* at p. 5.
[19] R. Doc. 172.

the Joint Venture Agreement and about the need for AWC to prove it sustained damages in order to recover under a theory of specific performance.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[20]  "It is a well-established rule of trial procedure that a district court may reconsider and reverse a previous interlocutory order at its discretion."[21]

The broad authority to reconsider an interlocutory order under Rule 54(b) "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[22]  Unlike the high burden placed on parties seeking reconsideration of a judgment under Fed. R. Civ. P. 59(e), under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[23]

---

[20] Fed. R. Civ. P. 54(b).

[21] *Holoway v. Triola*, 172 F.3d 866, at *1 (5th Cir. 1999) (per curiam).

[22] *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013) (Brown, J.) (citing 18B Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 4478.1 (2d ed. 2002)).

[23] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

## III.    ANALYSIS

## A.    Capital Contribution Claims

TMG first asks the Court to reconsider its prior Orders as they relate to AWC's capital contribution claims.   While TMG recognizes that the Court dismissed a portion of those claims in its February 16, 2024 Order[24] granting TMG's Motion for Partial Summary Judgment, TMG now asks the Court to dismiss any potential remainder of those same claims.   Initially, the Court notes that TMG's Motion, as AWC points out, fails to clearly identify which portion of which Order TMG seeks reconsideration of.   That fault, as the Court explains, is ultimately detrimental to TMG's Motion as the Court will not and cannot allow TMG to use a Rule 54(b) motion as a vessel for a new, belated Rule 56 motion seeking relief not previously sought.   To the extent that TMG seeks dispositive relief beyond what it previously requested under the guise of reconsideration, the Court denies the Motion.

TMG first references parts of the Court's Order and Reasons granting TMG's Motion for Partial Summary Judgment.[25]   In that Motion, TMG sought dismissal of AWC's "claims for amounts allegedly loaned to TMG for capital calls to which TMG never consented."[26]   In its Motion, TMG argued that "[w]ithout unanimous approval of the Executive Committee, such capital calls are not binding.   Therefore, partial summary judgment dismissing AWC's claims against TMG for the monies allegedly loaned to TMG by AWC for the capital contributions is warranted."[27]   As discussed

---

[24] R. Doc. 146.
[25] *Id.*
[26] R. Doc. 55.
[27] *Id.*

above, the Court agreed with TMG's reading of the Joint Venture Agreement regarding the need for unanimous Executive Committee approval of AWC's determinations of the need for working capital contributions before such determinations became binding upon the parties. Based on that reading of the Joint Venture Agreement, the Court found that "AWC's determinations themselves are not binding upon TMG given the lack of unanimous Executive Committee approval of those determinations."[28] Further, as the Court explained, "without any underlying obligation to make the working capital contributions, TMG cannot be said to have been in default such that the provisions of Article 7(e) apply."[29] In short, the Court agreed with TMG that AWC may not recover the monies allegedly lent to TMG pursuant to Article 7(e) or any interest on those loans because Article 7(e) was never triggered in the first place.

Although TMG understandably does not ask the Court to reconsider that Order[30] granting full relief to TMG, the relief it now seeks in its Motion for Reconsideration would in effect require the Court to expand the scope of the Court's prior Order beyond that initially moved for by TMG. TMG's motion seeking partial summary judgment made no mention of any claims now sought by TMG to be dismissed including that TMG, for example, failed to "act in good faith in its participation in the Executive Committee," or "refus[ed] to fully attend and participate in Executive Committee Meetings."[31] Those allegations were never

---

[28] R. Doc. 146 at p. 22.
[29] *Id.*
[30] R. Doc. 146.
[31] R. Doc. 42 at ¶¶ 112, 123.

addressed in either TMG's Motion or the Court's Order. A motion for reconsideration cannot be used to obtain relief that a party in hindsight believes it should have initially sought.[32]

TMG next purports to take issue with parts of the Court's June 6, 2024 Order and Reasons granting in part and denying in part AWC's Motion for Partial Summary Judgment.[33] The first part of that Order addressed only AWC's breach of contract claim as it relates to TMG's settlement agreement with the Owner and has no relevance to the reconsideration now sought here by TMG. In the second part of the Order, the Court denied AWC's request for the Court to rule that TMG breached its fiduciary duty to AWC by settling with the Owner. And finally, the Court denied as moot the third part of AWC's Motion as to interest owed to AWC on the alleged Article 7(e) loans.

Only the second portion of the Court's Order on AWC's Motion for Partial Summary Judgment is cited in TMG's Motion for Reconsideration.[34] Specifically, TMG points to page 36 of that Order where the Court in dicta, explained the scope of the Court's prior Orders regarding AWC's capital contribution claims and stated:

> However, the Court finds that AWC's remaining capital contribution claims cannot be resolved by the Court at the summary judgment stage due to genuine disputes of material fact. Those allegations have not been fully developed and the underlying facts are disputed by the parties. Summary judgment is therefore inappropriate at

---

[32] *Cf. Banister v. Davis*, 590 U.S. 504, 516 (2020) ("'[R]econsideration' means just that: Courts will not entertain arguments that could have been but were not raised before the just-issued decision.").

[33] R. Doc. 158.

[34] R. Doc. 165 at p. 1.

this point. The Court therefore denies AWC's Motion on
this claim.[35]

While it appears that TMG takes issues with the Court's phrase "remaining capital
contribution claims," TMG fails to explain how reconsideration of the Court's Order
could plausibly achieve the relief now sought by TMG, *i.e.*, dismissal of the "remaining
capital contributions claims." The Court denied the affirmative relief sought by AWC
and agreed with TMG that summary judgment was inappropriate on the fiduciary
duty claim. The Court's interlocutory order did not alter, affect, or enlarge AWC's
claims in any way. Because the Court denied relief to AWC, AWC's claims remained
as they were. Reconsidering that Order could only lead to the granting of AWC's
motion, the precise opposite of what TMG seeks here. The Court cannot "reconsider"
its denial of affirmative relief to AWC by now giving affirmative relief to TMG. That
is not reconsideration of an order but consideration of a new motion.

That TMG seeks not reconsideration of a prior order but new dispositive relief
is made even clearer when it argues that AWC lacks sufficient evidence to prove its
claims that TMG failed to "act in good faith in its participation in the Executive
Committee," "refus[ed] to approve the Managing Party's (AWC) necessary requests
for contribution of working capital," and "refus[ed] to fully attend and participate in
Executive Committee Meetings."[36] TMG has pointed to no order from this Court
which has determined the merits one way or the other of this portion of AWC's claims.
At most, the Court has recognized that AWC has in fact made these claims in its

[35] R. Doc. 158 at p. 36; *see also id.* at p. 35.
[36] R. Doc. 165-2 at p. 5.

Complaint,[37] but that recognition is far afield from substantively determining that such claims have merit. Dismissal of these claims, as TMG now urges, involves not reconsideration of any prior order but the issuance of a new order granting newly requested relief.

Whether or not AWC has any valid or meritorious capital contribution claims remaining, either in breach of contract or breach of fiduciary duty or both, is not for the Court to determine at this juncture. The Court's February 16, 2024 Order granting TMG's Motion for Partial Summary Judgment, which TMG unsurprisingly does not ask the Court to reconsider, narrowed those claims and remains in full effect. That Order and the Court's June 6, 2024 Order addressing the scope of its prior ruling speak for themselves. While the Court will not allow AWC to artfully evade its orders, the Court will also not allow TMG to belatedly obtain relief which it never sought in the name of reconsideration.

Finally, TMG cites to the Court's June 12, 2024 Minute Entry and Order denying as moot TMG's Motion for Partial Summary Judgment – No Damages for reconsideration.[38] It is unclear how reconsideration of that Order could give TMG the relief it now seeks. TMG's Motion explicitly covered only AWC's breach of fiduciary duty and enrichment without cause claims as they relate to TMG's settlement agreement with the Owner.[39] That Motion had nothing whatsoever to do

---

[37] *See* R. Doc. 158 at pp. 35–36.
[38] R. Doc. 159.
[39] *See* R. Doc. 124 at p. 1 ("[T]he absence of damages for the breach of fiduciary duty claims (outside of the alleged capital calls/loans) and unjust enrichment warrants summary judgment dismissing those claims.").

with any breach of contract or breach of fiduciary duty claim regarding the capital contributions. Reconsideration of the Order denying that Motion would therefore not have the effect of dismissing any remaining capital contribution claims. Again, the Court will not now grant affirmative relief that was not previously sought.

Finding that no order warrants reconsideration and finding TMG's Motion to effectively be a Rule 56 motion couched as a Rule 54(b) motion, the Court denies the Motion to the extent it seeks dismissal of the working capital contribution portion of AWC's claims.

**B.    Settlement Agreement Claims**

In the second half of its Motion for Reconsideration, TMG asks the Court to reconsider the portion of its June 6, 2024 Order and Reasons[40] granting summary judgment to AWC on AWC's breach of contract claim regarding TMG's settlement agreement with the Owner. TMG makes the same argument it previously raised that AWC's failure to prove that it suffered monetary damages as a result of TMG's settlement agreement dooms AWC's breach of contract claim.[41]

The Court finds no error in its interpretation of Louisiana law and no error in its granting of summary judgment in AWC's favor. While the Court finds that its prior analysis speaks for itself and correctly applies Louisiana law, the Court nevertheless briefly addresses TMG's contentions. TMG asserts that in an action to recover damages for a breach of contract, a plaintiff must prove that it suffered

---

[40] R. Doc. 158.
[41] *See* R. Docs. 63 & 152.

damages as a result of the defendant's breach.[42]   Simply put, to obtain monetary damages, one must actually suffer damages.  To hold otherwise would allow a party to put itself in a better position than if the contract had been performed.[43]  But where a party seeks not damages but specific performance of an obligation, as AWC does here, requiring the party to also prove the damages it has suffered (but is not attempting to attain) makes little sense and frustrates the purpose of Louisiana Civil Code article 1986.

"In the civil law tradition . . . whenever the promised performance is still possible, and practicable, an obligor is not free to substitute an offer to pay damages for the satisfaction of his duty to render that performance in kind."[44]  Accordingly, under Louisiana law, damages are an available remedy either where specific performance is not feasible or in addition to specific performance.[45]  Under either scenario, damages are treated as distinct and separate from specific performance, not as a component thereof.[46]  With these principles in mind, it follows that an obligor may not cut off an obligee's right to seek specific performance of an obligation by

---

[42] *See, e.g.*, *Favrot v. Favrot*, 2010-0986 (La. App. 4 Cir. 2/9/11), 68 So. 3d 1099, 1109, *writ denied*, 2011-0636 (La. 5/6/11), 62 So. 3d 127 (citing *1436 Jackson Joint Venture v. World Constr. Co., Inc.*, 499 So. 2d 426, 427 (La. App. 4 Cir. 1986)).

[43] *See In re Bankston*, 749 F.3d 399, 403 (5th Cir. 2014) ("Louisiana has embraced the contract damages principle of 'expectation' damages. Under this principle, the general purpose of contract damages is not to punish breaching parties or enrich non-breaching parties, but rather to produce the same result as would have occurred if there was no breach.") (citations omitted).

[44] *Reparation in money vs. reparation in kind*, 6 La. Civ. L. Treatise, Law Of Obligations § 3.4 (2d ed.).

[45] *See* La. C.C. art. 1986; *see also Bourgeois v. Dunn*, 2001-1185 (La. App. 1 Cir. 6/21/02); 822 So. 2d 708, 711 ("When specific performance is impracticable or when the court, in its discretion, refuses to grant specific performance of an obligation to do, the court may instead fix damages.").

[46] *See The principle*, 6 La. Civ. L. Treatise, Law Of Obligations § 3.1 (2d ed.) ("The performance that can no longer be rendered, or that the obligee no longer wants, is replaced by a money indemnity, signified by the word damages.").  While not wholly dispositive of the issue, the Court finds it telling that the Louisiana Civil Code separates "Specific Performance" and "Damages" into two different sections of the Code.

complaining that the obligee has not proven damages, a substitute for specific performance.  There is no basis in Louisiana law for TMG's contention that a party seeking specific performance alone must nevertheless also demonstrate the monetary damages it has suffered.  Such a holding would render Article 1986 a dead letter.

The Court denies TMG's request to reconsider its Order granting summary judgment to AWC on its breach of contract claim as it pertains to the settlement agreement.

## IV.  CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that TMG's Motion for Reconsideration[47] is **DENIED**.

New Orleans, Louisiana, August 8, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[47] R. Doc. 165.