UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARCHER WESTERN CONTRACTORS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5323** |
| **MCDONNEL GROUP, LLC** | **SECTION: D(5)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Entry of Partial Final Judgment filed by Plaintiff Archer Western Contractors, LLC ("AWC").[1] Defendant The McDonnel Group, LLC ("TMG") opposes the Motion.[2] AWC filed a reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND[4]

On May 2, 2011, AWC and TMG formed a Joint Venture for the purpose of entering into a contract with the Law Enforcement Division of Orleans Parish, State of Louisiana (the "Owner") to construct the Orleans Parish Sheriff's Office Inmate Processing Center/Templeman III & IV Replacement Administration building (the "Project").[5] AWC and TMG both allege that during the course of the Project, the Owner caused the Joint Venture to incur additional costs which required the Joint

---

[1] R. Doc. 173.
[2] R. Doc. 175.
[3] R. Doc. 176.
[4] This Court has previously detailed the factual background of the events germane to this lawsuit in the Court's prior rulings on the parties' various motions. R. Docs. 50, 67, 146, 158, 174, and 177. Accordingly, the Court summarizes the relevant background only as it relates to the instant Motion for Entry of Partial Final Judgment.
[5] R. Doc. 42 at ¶¶ 19-21.

Venture to obtain additional capital contributions from its constituent parties—AWC and TMG.[6] The Owner's alleged failure to fully compensate the Joint Venture gave rise to a multimillion dollar lawsuit, which is currently being litigated in state court.[7]

On April 29, 2022, TMG entered into a settlement agreement with the Owner, whereby TMG individually and as a joint venturer settled its claims against the Owner for $2,700,000 (the "Settlement").[8] TMG's president deposited the $2,700,000 settlement check into TMG's own bank account.[9] TMG never shared any of the settlement funds with either the Joint Venture or AWC.[10]

TMG filed this lawsuit on December 16, 2022, alleging Breach of Contract in Count I, Breach of Fiduciary Duty in Count II, and Enrichment Without Cause in Count III.[11] AWC's claims in this litigation can broadly be divided into two separate groups. First are AWC's claims concerning TMG's alleged failure to make capital contributions to the Joint Venture in the wake of the Owner-created problems with the Project. And second are AWC's claims regarding TMG's April 29, 2022 settlement with the Owner.

The parties have engaged in significant motion practice throughout the pendency of this lawsuit. Of particular relevance to this Motion is the Court's June 6, 2024 Order and Reasons in which the Court granted summary judgment in favor of AWC, finding that TMG's settlement with the Owner constituted a breach of the

---

[6] *Id.* at ¶¶ 46-47.
[7] *Id.* at ¶ 42.
[8] R. Doc. 58-5.
[9] R. Doc. 58-7; R. Doc. 58-1 at ¶ 24.
[10] R. Doc. 58-1 at ¶ 25.
[11] R. Doc. 1; R. Doc. 42.

parties' Joint Venture Agreement (the "Agreement"), and ordered that the proper remedy was to order specific performance in the form of TMG placing the settlement funds in the Joint Venture's bank account.[12] Following the Court's Order and Reasons and a subsequent Order and Reasons[13] denying a Motion for Reconsideration[14] filed by TMG, the parties entered into discussions about placing the settlement funds into an escrow account pending the final resolution of this case. The parties were ultimately unable to come to an agreement regarding escrow, however. Thereafter, AWC filed the instant Motion for Entry of Partial Final Judgment,[15] which urges the Court to enter a final judgment as to AWC's breach of contract claim regarding the settlement agreement.

TMG filed a response in opposition to AWC's Motion, in which TMG argues AWC's request should be denied because delaying the entry of a final judgment would not meaningfully prejudice AWC.[16] TMG also appears to argue that entry of a final judgment prior to the resolution of the state court lawsuit could result in inconsistent court orders regarding TMG's settlement with the Owner.[17] Finally, TMG argues that the relief sought by AWC is, in reality, a money judgment, which TMG argues AWC cannot seek because that relief belongs to the Joint Venture and not AWC.[18] Finally, TMG asks that, if the Court is inclined to grant Plaintiff's motion and enter

---

[12] R. Doc. 158 at 15, 33.
[13] R. Doc. 165.
[14] R. Doc. 174.
[15] R. Doc. 173.
[16] R. Doc. 175 at 4.
[17] *Id.* at 5.
[18] *Id.* at 6.

a partial final judgment, that it stay the remainder of this lawsuit pending resolution of the appeal TMG plans to file.[19]

In its reply brief, AWC argues it will be prejudiced should TMG continue to retain the settlement funds. Specifically, AWC argues that it will continue to solely fund the Joint Venture, it will be unable to effectively negotiate settlements in the state court litigation, and it will risk losing access to the funds should TMG go insolvent or take efforts to avoid parting with the settlement funds.[20] AWC then rejects TMG's money judgment argument by pointing out that this Court has already held that AWC is entitled to specific performance of the Agreement in the form of TMG's payment of the $2,700,000 to the Joint Venture.[21] AWC further argues that the state court lawsuit will not interfere with any order from this Court regarding the settlement agreement, because the state court litigation involves questions of the respective rights of the Owner, the Joint Venture, and the subcontractors—not the rights between the Joint Venture constituents.[22] Finally, AWC argues that the possibility of witnesses having to appear for a post-appeal trial exists in every case and that it is not just to delay trial in this matter for a third time "so that a few individuals *may* avoid the 'hardship' of testimony rendered necessary by some unknown remand of an appellate court ruling on an un-filed appeal."[23]

---

[19] *Id.* at 7.
[20] R. Doc. 176.
[21] *Id.* at 7.
[22] *Id.* at 8.
[23] *Id.* at 9.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[24] In considering whether relief under Rule 54(b) is appropriate, a district court must first determine whether a final judgment is before it.[25] Provided the judgment is final, the district court must consider whether there is any just reason to delay the entry of final judgment.[26] This requires the court to "consider the equities of the case, as well as the interests of judicial administration, including the federal policy against piecemeal appeals."[27]

Critically, "Rule 54(b) motions are disfavored and should be granted only when necessary to avoid injustice."[28] Although the decision to grant or deny a Rule 54(b) motion is left to the discretion of the district court, the district court should ultimately grant relief of certification "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."[29]

## III. ANALYSIS

Applying the foregoing standards, the Court declines to enter a partial final judgment. Although the breach of contract claim regarding the settlement agreement has been fully decided for purposes of Rule 54(b), Archer Western has failed to show

---

[24] FED. R. CIV. P. 54(b).
[25] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460 (1980).
[26] FED. R. CIV. P. 54(b).
[27] *3 Eagles Aviation, Inc. v. Rousseau*, No. 03-CV-2889, 2006 WL 120084, at *1 (E.D. La. Jan. 17, 2006) (citing *Curtiss-Wright Corp.*, 446 U.S. at 8, 100 S.Ct. 1460).
[28] *Ordemann v. Livingston*, No. 06-CV-4796, 2007 WL 1651979, at *1 (E.D. La. June 7, 2007) (citing *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).
[29] *Id.* (citing *PYCA Indus.*, 81 F.3d at 1421).

that it will suffer hardship or prejudice should the Court deny its request for entry of partial final judgment. AWC's primary argument in favor of entry of partial final judgment is that it requires access to the settlement funds to continue funding the Joint Venture and litigation surrounding the Project. The Court does not doubt that funds to which AWC, as a member of the Joint Venture, is owed would ease AWC's financial burdens. Any prejudice to AWC is undercut, however, by the posture of this case. This case is not in its infancy; the majority of the parties' deadlines, including those for discovery and dispositive motions, have lapsed, and trial is scheduled to begin less than two months from the date of this Order and Reasons. Any prejudice AWC may suffer in waiting for a final judgment until the resolution of this case will therefore be minimal.[30]

Even with trial imminent, AWC chronicles potential prejudice it will suffer if it cannot access the funds immediately, including that it will be forced to participate in state court settlement negotiations without these funds, that TMG could potentially go insolvent, and that TMG may refuse to relinquish the funds. These considerations do not warrant entry of a final judgment, however. First, while the Court can understand the benefit of having the settlement funds during state court settlement negotiations, AWC's argument ignores that the state court trial is less than one month away and TMG's declaration that it intends to appeal the Court's

---

[30] *Vaughan v. Carlock Nissan of Tupelo, Inc.*, No. 09-CV-293, 2011 WL 4433597, at *2 (N.D. Miss. Sept. 21, 2011) ("The Court agrees with the Defendants that Plaintiff has failed to demonstrate that there is 'no just reason for delay.' Discovery is complete and most of this case has already been litigated and adjudicated. Only trial on Plaintiff's narrow FLSA claim is left for adjudication."); *see also Gulf Coast Facilities Mgmt, LLC v. BG LNG Servs., LLC*, 730 F.Supp.2d 552, 567 (E.D. La. 2010) (finding same); *see also Saucier v. Coldwell Banker JME Realty*, No. 04-CV-686, 2007 WL 2746785, at *2 (S.D. Miss. 2007) (finding same).

ruling. Because it is not certain that AWC would have access to its share of the settlement funds in time to conduct state court settlement negotiations, the Court cannot find that AWC's hardships would be alleviated by immediate appeal.[31] Moreover, there is nothing to support AWC's claims that TMG may become insolvent or usurp the settlement funds. AWC does not offer evidence pointing to TMG's insolvency; indeed, AWC concedes that "AWC has no knowledge of TMG's current financial condition and future viability."[32] AWC argues that its concerns "mirror those of any plaintiff in a case of this magnitude—where the defendant's financial position is unknown."[33] Such arguments rest on shaky speculative grounds.[34] Further, that TMG breached the parties' Agreement in settling with the Owner does not, in the Court's view, necessitate the conclusion that TMG will misappropriate the settlement funds.

Moreover, despite AWC's insistence to the contrary, the Court is concerned that an entry of judgment will produce piecemeal review of this matter. While AWC's breach of contract claim regarding TMG's settlement with the Owner is separate from any claim remaining that will proceed to trial in this case, all claims involve the same parties and the same underlying Agreement. While appeals on both issues may not require the Fifth Circuit to decide exactly the same issues, it would require duplicative efforts in reviewing the facts of this complex case, as well as potential

---

[31] AWC argues that both AWC and the Joint Venture would be prejudiced if a final judgment was withheld. R. Doc. 173-1 at 6. The Court notes that the Joint Venture is not a party to this suit, and further, whether AWC would be able to approve the settlement funds for Joint Venture use is not before the Court at this juncture.
[32] R. Doc. 176 at 4.
[33] *Id.*
[34] As noted by TMG in its opposition, AWC did not seek injunctive relief.

duplicative or even conflicting interpretations the Agreement.[35] Regardless, having found AWC will suffer no meaningful prejudice by a delayed final judgment, a ruling in favor of AWC would rest solely on a finding that AWC's remaining claims are not sufficiently intertwined with the claim for which AWC seeks entry of a final judgment. But "Rule 54(b) motions," which "are disfavored and . . . 'should not be entered routinely as a courtesy to counsel,'" does not permit this.[36] For this reason, the Court finds AWC has failed to meet its burden to show that it is entitled to relief under Rule 54(b).

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that AWC's Motion for Entry of Partial Final Judgment is **DENIED**.

New Orleans, Louisiana, November 21, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[35] *See Ordemann*, 2007 WL 1651979, at *1 ("There are unresolved issues pending for trial that could result in a later appeal and therefore-contrary to plaintiff's suggestion-present a danger of piecemeal review.") (footnotes omitted).
[36] *Id.* (quoting *PYCA Indus.*, 81 F.3d at 1421).

8