## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ARCHER WESTERN CONTRACTORS, LLC**      **CIVIL ACTION**

**VERSUS**      **NO. 22-5323**

**MCDONNEL GROUP, LLC**      **SECTION: D(5)**

### ORDER AND REASONS

Before the Court is a Motion for Reconsideration and/or for Clarification filed by Defendant The McDonnel Group (TMG).[1] Plaintiff Archer Western Contractors, LLC (AWC) opposes the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[3]

On December 16, 2022, AWC filed the instant lawsuit in this Court against TMG, alleging Breach of Contract in Count 1, Breach of Fiduciary Duty in Count II, and Enrichment Without Cause in Count III.[4] AWC alleges that TMG breached the Agreement and its fiduciary duty by (1) failing to provide necessary working capital contributions to the Joint Venture; (2) refusing to approve AWC's requests for contribution of working capital; and (3) refusing to attend and participate in

---

[1] R. Doc. 179.

[2] R. Doc. 181.

[3] The factual and procedural background has been detailed in numerous prior Orders and Reasons and is unnecessary, for the purposes of this Order, to be detailed here. *See, e.g.*, R. Docs. 50, 67, 146, 165, 174, and 177.

[4] R. Doc. 1. The Court ordered AWC to file an Amended Complaint properly alleging the citizenship information of the parties to ensure the Court has subject matter jurisdiction over this action. R. Doc. 4. AWC subsequently filed an Amended Complaint. R. Doc. 6. Several months later, AWC filed a Second Amended Complaint clarifying certain factual allegations made in its Amended Complaint. R. Doc. 42. The Court considers only the Second Amended Complaint here.

Executive Committee meetings.[5]  On September 28, 2023, TMG filed an Answer to

AWC's Second Amended Complaint, asserting the following affirmative defenses:[6]

VIII.  One or more of the claims raised by AWC are barred by failure of consideration, failure of cause, and/or fraud in the inducement of TMG to enter into the JV Agreement . . . .

IX.  One or more of the claims raised by AWC are barred because of AWC's prior breach of and/or failure to perform its obligations under the JV Agreement and/or Louisiana law.[7]

AWC filed a Motion for Partial Summary Judgment as to Defendant's

Affirmative Defenses, urging the Court to bar TMG from asserting certain affirmative

defenses, including those identified above, which AWC referred to as TMG's material

breach defenses.[8]  The Court granted AWC's Motion,[9] and TMG filed the instant

Motion for Reconsideration and/or for Clarification as to the Court's ruling regarding

TMG's material breach defenses only.[10]  TMG specifically argues that reconsideration

is warranted because (1) in rejecting TMG's material breach defenses, the Court

relied on a line of cases that was neither raised by AWC nor noticed pursuant to

Federal Rule of Civil Procedure 56(f)(2); (2) the Court deemed TMG's affirmative

defense for prior breach of contract waived based on a line of cases involving waiver

of *claims* for breach of contract; and (3) there is no evidence that TMG intentionally

or voluntarily relinquished its right to exercise its material breach defenses.  As an

alternative to reconsideration, TMG asks that the Court clarify whether its Order

---

[5] R. Doc. 42 at ¶¶ 112, 123.
[6] R. Doc. 88.
[7] *Id.* at 19-21.
[8] R. Doc. 125.
[9] R. Doc. 177.
[10] R. Doc. 179.

and Reasons applies only to the material breaches discussed in the Court's Order and Reasons or to all potential prior material breaches by AWC.

In its opposition brief, AWC argues that there is no basis for reconsideration. First, AWC rejects TMG's argument that the Court went beyond the parties' arguments in making its ruling, insisting that the Court's material breach analysis was based on waiver, which is the precise basis AWC raised for precluding these affirmative defenses.  AWC goes on to argue that the Court's waiver analysis was sound because "[t]he merits of any particular affirmative defense are subject to the same doctrines and standards as if lodged as an affirmative claim."[11]  Finally, AWC asks the Court to reject TMG's alternative request for clarification, arguing that its motion for summary judgment was not limited to pre-March 2014 breaches and that granting TMG's alternative relief would require the Court to consider undisclosed evidence.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[12]  "It is a well-established rule of trial procedure that a district court may reconsider and reverse a previous interlocutory order at its discretion."[13]

---

[11] R. Doc. 181 at 5 (internal citation omitted).
[12] FED. R. CIV. P. 54(b).
[13] *Holoway v. Triola*, 172 F.3d 866, at *1 (5th Cir. 1999) (per curiam).

Unlike the high burden placed on parties seeking reconsideration of a judgment under Rule 59(e), under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[14]  Still, the broad authority to reconsider an interlocutory order under Rule 54(b) "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[15]

## III.  ANALYSIS

### A. Whether the Court Improperly Issued a Judgment Independent of AWC's Motion for Summary Judgment

Federal Rule of Civil Procedure 56 allows a court to grant summary judgment on grounds not raised by a party, provided the court first gives notice and a reasonable opportunity to respond.[16]  TMG argues that the Court violated this instruction by relying "on a line of cases in its Order and Reasons that was neither raised by the movant, AWC, nor noticed pursuant to [Rule] 56(f)(2)."[17]  TMG is incorrect.  The basis AWC proffered for dismissal of TMG's material breach affirmative defenses was waiver, and this was the sole ground upon which the Court granted AWC's motion as to those defenses.  To the extent that TMG argues the Court erred in relying on cases that AWC did not cite in its brief but which nevertheless concern waiver, the Court rejects TMG's argument.  The wording of Rule 56(f) is clear

---

[14] *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

[15] *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013) (citing 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE § 4478.1 (2d ed. 2002)).

[16] FED. R. CIV. P. 56(f)(1)-(2).

[17] R. Doc. 179-2 at 3.

regarding when a court may grant a motion for summary judgment on "*grounds* not raised by a party."[18]  It does not restrict the Court from relying on *cases* not raised by the moving party or from otherwise conducting its own research into the parties' arguments and bases for relief.  Therefore, to the extent TMG seeks reconsideration based on the Court's alleged failure to comply with Rule 56(f), TMG's Motion is denied.

### B. Whether the Court Erred In Applying Waiver to Affirmative Defenses

TMG next argues that the Court erred in finding that TMG, through continued participation of the Agreement, waived its affirmative defenses for prior breach of contract.  TMG rests its argument on two bases: first, that the cases cited by the Court involve waiver of affirmative claims and not affirmative defenses, and second, that "the procedural nature of affirmative defenses requires that an affirmative defense can only be raised after a plaintiff has filed its claims."[19]

In considering TMG's first argument, the Court looks to its Order and Reasons, in which it acknowledged that the support on which it relied in finding waiver involves waiver of claims and not waiver of affirmative defenses.[20]  In its analysis, the Court explained that it saw no distinction between the application of waiver to claims and affirmative defenses and its reasons for this finding.  TMG's second point attempts to provide the Court with such a distinction.  Specifically, TMG argues that

---

[18] FED. R. CIV. P. 56(f)(2).

[19] *Id.* at 7.

[20] R. Doc. 177 at 13 ("While the foregoing case law concerns a party's waiver of a claim rather than an affirmative defense, the Court sees no meaningful distinction between a waiver of one's right to bring a claim for breach of contract and waiver of one's right to assert prior breach of contract as an affirmative defense.").

affirmative defenses differ procedurally from claims in that they must be filed after a lawsuit is filed and that "[f]inding a waiver of affirmative defenses through implied acquiescence before a lawsuit is initiated circumvents the equitable notions underlying waiver as a whole—namely, to prevent injustice and unjust enrichment."[21]

While affirmative defenses may be procedurally different from claims, TMG offers no basis for why this should affect the application of waiver.  Defendants are entitled, after a suit is filed, to invoke affirmative defenses of prior breaches of contract just as plaintiffs are allowed, in their complaint or pleading, to raise claims for breach of contract.  Other than the vehicle through which it must be pleaded, however, an affirmative defense behaves just as a substantive claim does.  Affirmative defenses are subject to pleading requirements, discovery, and require the party asserting it to carry the appropriate burden.  The Court sees no rationale—or authority—for why an affirmative defense of prior material breach would be permitted when the same facts would, as TMG appears to concede, result in waiver of an affirmative claim.[22]

The Court also rejects TMG's position that this finding is unjust.  It is, in actuality, TMG's position that could lead to injustice.   TMG's position would

---

[21] *Id.* at 7.

[22] TMG argues *Olympic Insurance Co. v. H.D. Harrison, Inc.*, 463 F.2d 1049 (5th Cir. 1972), *Silverman v. Caddo Gas & Oil Co.*, 127 La. 928 (La. 1911), and *Commerce Insurance Agency, Inc. v. Hogue*, 618 So.2d 1048 (La. App. 1 Cir. 1993) stand for the proposition that "under Louisiana law, an affirmative defense like TMG's material breach defenses may be raised in circumstances similar to those *sub justice*." R. Doc. 179-2 at 6.  However, as pointed out by AWC in its Opposition, these cases are factually inapposite as none of these cases address waiver of prior material breaches of contract as an affirmative defense.

6

effectively give a non-breaching party license to continue performing the contract in whatever way it liked, regardless of the terms of the contract, simply because the other party previously breached the contract.  This type of get out of jail free card is exactly the type of gamesmanship that waiver, which is "equitable in nature," seeks to prevent.[23]  Nor does it stick a "non-breaching party with only two (2) less-than-desirable and judicially inefficient options."[24]  The options are not, as TMG argues, limited to terminating the contract and exposing itself to litigation for such termination or, alternatively, forcing litigation.[25]  TMG fails to recognize another option: the original non-breaching party may continue to perform the contract and recognize that, in doing so, it is waiving its ability to invoke earlier breaches should the original non-breaching party subsequently breach the contract.  This is precisely the scenario at issue in this case and the scenario that waiver mandates.

TMG then argues that even if waiver can extend to waiver of affirmative defenses, the cases the Court relied upon are inapposite because TMG "has not sat idly by and allowed AWC to materially breach their contract without protest" and because "this is not a case of TMG receiving distributions of profits from the Joint Venture, but rather receiving part of its capital, which has previously been contributed to the Joint Venture, back."[26]  As to TMG's first point—the relevant question is whether TMG continued performing the Agreement.  As the Court

---

[23] 13 WILLISTON ON CONTRACTS § 39:15 (4th ed.).
[24] R. Doc. 179-2 at 7.
[25] Id.
[26] Id. at 9.

explained in its Order and Reasons, it did.[27]  That TMG noted those breaches does not change that TMG continued to perform under the Agreement.  Moreover, as to TMG's second point, TMG has not pointed the Court to—nor has the Court found— any authority that leads the Court to believe that its analysis is affected by TMG's receipt of capital contributions versus profits.

### C. Whether There Is a Genuine Issue of Fact that TMG Intended to Waive AWC's Prior Material Breaches

TMG's final basis for reconsideration is its position that the Court erred in finding that TMG had an actual intention to relinquish its affirmative defenses or displayed conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished.  TMG argues that the only evidence offered that TMG waived its defenses is its receipt of capital contributions.  This, TMG argues, was "merely maintaining the stats quo of a contract in the wake of [AWC's] material breaches [and] does not constitute contradictory conduct sufficient to waive an affirmative defense."[28]

The Court disagrees.  TMG's receipt of capital contributions—the final of which was received on March 25, 2014—was received pursuant to the Agreement, which provides, in relevant part:

> The Executive Committee may determine from time to time during the course of the Work, that some of the Assets held and acquired by the Joint Venture may be divided among or paid to the parties, in accordance with their original Proportionate Share except as otherwise provided by this Agreement.[29]

---

[27] R. Doc. 181 at 8-9.
[28] *Id.* at 11.  TMG also argues that its conduct was only capable of waiving affirmative claims for breach of contract.  The Court has already disposed of this argument, however.
[29] R. Doc. 125-4 at 15.

TMG accepted the capital contributions as part of the Agreement, and therefore, TMG's participation in the Joint Venture continued through March 25, 2014—well after it knew of the breaches with which it takes issue. Accordingly, to the extent TMG seeks reconsideration of the Court's finding that TMG waived the prior material breaches outlined in the Court's Order and Reasons, TMG's Motion is denied.

**D. TMG's Request for Clarification**

TMG's final request is that the Court clarify whether it's prior ruling is limited to breaches that occurred prior to March 25, 2014, or whether it extends to all prior material breaches by AWC. AWC urges the Court to deny this request, insisting that the clarification TMG seeks is inappropriate because TMG has not—either in discovery or in the briefing for AWC's motion for summary judgment—produced evidence of post-March 25, 2014 breaches. For this reason, AWC insists that "[t]o the extent TMG seeks to introduce previously undisclosed evidence to support the requested clarification, this effort must be denied under [Rule] 37(c)(1)."[30]

The Court finds it unnecessary to clarify its previous ruling and instead points the parties to the entirety of its Order and Reasons, including the following language:

> [T]he Court finds AWC is entitled to summary judgment as to TMG's material breach defenses for each of the instances of prior breach of contract AWC describes. AWC points to the following alleged material breaches for which TMG could have invoked its rights under the Agreement: (1) AWC's failure to bond subcontractors over $250,000 in contract value; (2) AWC's failure to provide proper, experienced, and competent staff and personnel for the Project; (3) AWC's unilateral reduction of the Project bid; (4) AWC's decision to change the Project's insurance carrier; (5) AWC's refusal to approve the return of TMG's initial capital contribution; (6) AWC's approval of bonuses; (7) AWC's

---

[30] R. Doc. 181 at 11.

attempts to use unlicensed subcontractors; (8) AWC's failure to secure
Executive Committee approval of an extension in the scope of work; (9)
AWC's failure to approve employee surcharges; and (10) AWC's failure
to conduct formal meetings, etc. and adhere to other contract protocols.[31]

This language makes clear the scope of the ruling. According, because the Court's

Order and Reasons speaks for itself, TMG's request for clarification is denied.[32]

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that TMG's Motion for

Reconsideration and/or for Clarification is **DENIED**.

New Orleans, Louisiana, November 21, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[31] R. Doc. 177 at 15.

[32] To the extent AWC is asking the Court to exclude allegations or evidence of prior breaches of contract under Rule 37(c), an opposition brief to a motion for reconsideration is not the proper vehicle through which to seek such an exclusion, and the Court therefore declines AWC's request to do so.