UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ARCHER WESTERN CONTRACTORS, LLC**           **CIVIL ACTION**

**VERSUS**                                    **NO. 22-5323**

**MCDONNEL GROUP, LLC**                       **SECTION: D(5)**

### ORDER AND REASONS

Before the Court is a Motion to Review Clerk's Action and Enter Costs of Court filed by Defendant The McDonnel Group (TMG).[1] Plaintiff Archer Western Contractors, LLC (AWC) opposes the Motion.[2] After careful consideration of the Clerk's Reason for Denial of Costs,[3] the parties' memoranda, the record, and the applicable law, the Motion is **DENIED**.

**I.    FACTUAL BACKGROUND**

This case concerns issues that arose from the parties' joint venture agreement.[4] During the pendency of the case, the parties engaged in heavy motion practice. Relating to dispositive relief, this Court: (1) granted TMG's Motion for Partial Summary Judgment, finding that it did not owe capital contributions;[5] (2) granted AWC's Motion for Partial Summary Judgment, finding that TMG had breached the joint venture agreement relating to $2.7 million in settlement funds;[6] (3) and denied subsequent Motions for Summary Judgment filed by both parties.[7] A jury returned

---

[1] R. Doc. 278.
[2] R. Doc. 280.
[3] R. Doc. 277-1.
[4] *See* R. Doc. 42.
[5] R. Doc. 146.
[6] R. Doc. 158.
[7] R. Doc. 215.

a verdict in favor of TMG as to all remaining claims.[8]  Following trial, the Court granted a Final Judgment directing TMG to pay to the joint venture's account the $2.7 million in settlement funds plus delay damages.[9]  It then entered judgment in favor of TMG as to the remainder of AWC's breach of contract and breach of fiduciary duty claims.[10]  TMG then filed a Bill of Costs, which this Court referred to the Clerk of Court.[11]

The Clerk denied costs on June 23, 2025, reasoning that "the jurisprudence establishes specific criteria for determining Rule 54's 'prevailing party' under which TMG is not entitled to costs."[12]  Instead, the Clerk determined that AWC is the prevailing party because it received actual relief from the final judgment, the final judgment altered the legal relationship between AWC and TMG, and the modification of TMG's behavior directly benefited AWC.[13]

TMG filed the instant Motion to Review Clerk's Action and Enter Costs of Court, arguing that the Clerk's decision "is founded on an erroneous application of the law."[14]  TMG argues that the prevailing party analysis requires the court to consider the case as a whole and that while TMG may have lost some battles, it won the war.[15]  Alternatively, TMG requests that the Court find that there was no prevailing party.[16]

---

[8] R. Doc. 243.
[9] R. Doc. 252.
[10] *Id.*
[11] R. Doc. 262.
[12] R. Doc. 277-1 at 1.
[13] *Id.* at 4-5.
[14] R. Doc. 278-2 at 2.
[15] *Id.* at 3.
[16] *Id.* at 5-6.

2

In its opposition, AWC argues that its cumulative award of nearly $4 million establishes that its victories in this case were more than nominal and that its failure on other claims and motions does not undercut the victories that it did obtain.[17] AWC asks the Court to affirm the Clerk's Order in full.

## II. LAW AND ANALYSIS

"The Court reviews the Clerk of Court's award of costs *de novo*."[18] "Under Rule 54(d) of the Federal Rules of Civil Procedure, the prevailing party is presumptively entitled to an award of costs."[19] To rebut this presumption, "the losing party" must "overcome that presumption since denial of costs is in the nature of a penalty."[20] "Nonetheless, the district court retains discretion to determine whether to and to what extent it should award costs to a prevailing party."[21]

A prevailing party is one that (1) obtains actual relief; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff.[22] Viewing this case as a whole, the Court agrees with the Clerk that AWC, not TMG, meets this standard. This long and complex case was often thought of as having two components: AWC's claims relating to the $2.7 million in settlement funds, and those claims relating to the capital contributions. This Court entered summary judgment in AWC's favor as to the

---

[17] *Id.* at 1-2.
[18] *Muslow v. Bd. of Sup's of La. State Univ. & Agric. & Mech. Coll.*, No. 19-CV-11793, 2024 WL 5274502, at *2 (E.D. La. Aug. 23, 2024) (quoting *Frischhertz v. SmithKline Beechan Corp.*, No. 10-CV-2125, 2013 WL 3894021, at *1 (E.D. La. July 26, 2013)) (citation modified).
[19] *Id.* (citing *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010)).
[20] *Marmillion*, 381 F. App'x at 429.
[21] *Muslow*, 2024 WL 5274502, at *2.
[22] *Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 249 (5th Cir. 2002).

settlement funds, and as a result, AWC was also awarded damages for delay and attorney's fees. This total, which AWC calculates as $3,760,732.33, is a substantial amount and constitutes a victory as to a significant portion of AWC's case.

True, AWC did not prevail on all of its claims. TMG prevailed on AWC's claims of breach of joint venture and breach of fiduciary duty claims that were ultimately presented to the jury.[23] But a litigant need not prevail on all issues to be deemed the prevailing party.[24]

> Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d). A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all of his claims. Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.[25]

The Fifth Circuit has advised that "[i]mportantly, it is unnecessary for a party to 'prevail on every issue in order to be entitled to costs.'"[26] Here, viewing this long and hard-fought case as a whole, the Court determines that AWC has not only obtained some relief; it prevailed on a substantial portion of the relief it sought. The judgment as to the $2.7 million, as well as the damages for delay and attorney's fees that arose from that judgment, constitutes actual relief that materially altered the parties' legal relationship and modified TMG's behavior in a way that directly benefited AWC.[27]

---

[23] *See* R. Doc. 241.
[24] *Howard v. Offshore Liftboats*, LLC, No. 13-CV-4811, 2016 WL 3453213, at *2 (E.D. La. June 24, 2016) (quoting *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978) (superseded by statute on other grounds)); *see Perkins v. Hart*, No. 21-CV-879, 2024 WL 3755238, at*6 (E.D. La. June 28, 2024) ("The jury verdict in Plaintiff's favor awarding him $185,000 in damages is sufficient to establish Plaintiff's status as a prevailing party even though he did not succeed on all of his claims.").
[25] *Id.* (quoting *Mitchell*, 580 F.2d at 793).
[26] *DHI Group, Inc. v. Kent*, No. 21-20274, 2022 WL 3755782 (5th Cir. 2022), quoting *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983).
[27] *See Walker*, 313 F.3d at 249.

Divorcing the Court's ruling on AWC's Motion for Summary Judgment from AWC's claims that eventually proceeded to trial does not accurately represent AWC's success in the matter.[28] For this reason, the Court agrees with the Clerk's Reasons for Denial and likewise finds that TMG is not the prevailing party.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Review Clerk's Actions and Enter Costs of Court filed by Defendant The McDonnel Group, LLC is **DENIED.**

New Orleans, Louisiana, August 21, 2025.

*[signature: Wendy B Vitter]*

**WENDY B. VITTER**
**United States District Judge**

---

[28] Had AWC proceeded to trial on all three claims, and the jury found in its favor on the $2.7 million of settlement funds but not for AWC on its clams of breach of joint venture and breach of fiduciary duty claims, there would be little argument that AWC was still the prevailing party.