UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ARCHER WESTERN CONTRACTORS, LLC**     **CIVIL ACTION**

**VERSUS**     **NO. 22-5323**

**MCDONNEL GROUP, LLC**     **SECTION: D(5)**

**ORDER AND REASONS**

Before the Court is a Report and Recommendation from the United States Magistrate Judge[1] on a Motion for Attorneys' Fees filed by Defendant The McDonnel Group (TMG).[2] Plaintiff Archer Western Contractors, LLC (AWC) opposes the Motion.[3] TMG timely filed an Objection to the Report and Recommendation,[4] and AWC filed a response[5] to which TMG replied.[6]

After careful consideration and *de novo* review of the parties' memoranda, the record, the Report and Recommendation of the Magistrate Judge, The McDonnel Group's Objection to the Report and Recommendation, AWC's Opposition to the Objection, TMG's Reply to AWC's Opposition, and the applicable law, and having determined that the Report and Recommendation is not clearly erroneous or contrary to the law, the Court hereby **OVERRULES** the objections, approves the Report and Recommendation and adopts it as its opinion in this matter. TMG's Motion for Attorney Fees[7] is **DENIED**.

---

[1] R. Doc. 282.
[2] R. Doc. 254.
[3] R. Doc. 256.
[4] R. Doc. 289.
[5] R. Doc. 291.
[6] R. Doc. 292.
[7] R. Doc. 254.

I. **FACTUAL AND PROCEDURAL BACKGROUND**[8]

This case concerns issues that arose from the parties' joint venture agreement to obtain and perform a Contract for Orleans Parish.[9] In terms of dispositive relief, this Court: (1) granted TMG's Motion for Partial Summary Judgment, finding that it did not owe capital contributions;[10] (2) granted AWC's Motion for Partial Summary Judgment, finding that TMG had breached the joint venture agreement relating to $2.7 million in settlement funds;[11] (3) and denied subsequent Motions for Summary Judgment filed by both parties.[12] At trial, the jury returned a verdict in favor of TMG as to all remaining claims not disposed of by summary judgment.[13] Following trial, the Court issued a Final Judgment directing TMG to pay to the joint venture's account the $2.7 million in settlement funds plus delay damages.[14] It then entered judgment in favor of TMG as to the remainder of AWC's breach of contract and breach of fiduciary duty claims.[15]

TMG filed the instant Motion for Attorneys' Fees based on a portion of the joint venture agreement, which stated

> Any Defaulting Party hereunder shall indemnify and hold harmless the Non-Defaulting Party for any loss, claims or liabilities which the Non-Defaulting Party may incur arising out of any breach of this Joint Venture Agreement by the Defaulting Party. The Defaulting Party further agrees to pay all legal expenses required of or by the Non-Defaulting Party to protect their interests

---

[8] For judicial efficiency, and additionally because there were no objections to that part of the Report and Recommendation, the Court adopts here the Factual Background as outlined in the Background section of the Report and Recommendation. *See* R. Doc. 282.
[9] *See* R. Doc. 42.
[10] R. Doc. 146.
[11] R. Doc. 158.
[12] R. Doc. 215.
[13] R. Doc. 243.
[14] R. Doc. 252.
[15] *Id.*

2

>or defend any action arising out of the Defaulting Party's breach, including court costs and disbursements and fees on a solicitor and his own client basis.[16]

The provisions for "default" and who is a "Defaulting Party" are governed by an earlier portion of Article 15:

>If any party hereto (the "Defaulting Party") shall default in any of its obligations under this Agreement including . . . then the other party (the "Non-Defaulting Party") may give written notice to the Defaulting Party specifying the event of default.
>In the event that the Defaulting Party does not cure its default within seven (7) days of receipt of such notice then the Non-Defaulting Party may terminate the Defaulting Party's interest in the Joint Venture.[17]

TMG argued that by definition in the Joint Venture Agreement, AWC was the defaulting party and as a result must pay all legal expenses incurred by TMG, the non-defaulting party.[18] AWC argues that TMG is not entitled to attorneys' fees because it was never judicially determined to be in breach of the Joint Venture Agreement. Absent a breach, it argues, attorneys' fees cannot be awarded.[19]

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require that the district judge "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[20] After reviewing a report and recommendation, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[21]

---

[16] R. Doc. 253-3, *The Joint Venture Agreement*, at p. 17.
[17] *Id.*, at p. 16.
[18] R. Doc. 254.
[19] R. Doc. 256.
[20] Fed. R. Civ. P. 72.
[21] *Id.*

3

## III.   ANALYSIS

TMG's sole objection to the Report and Recommendation of the United States Magistrate Judge is that it was based on an error of law.[22] TMG agrees with the Report and Recommendation that the wording of the contractual fee-shifting provision governs whether attorneys' fees are awarded.[23] However, TMG contends that the fee-shifting provision of the Joint Venture Agreement allows TMG to collect attorneys' fees from AWC because AWC is the defaulting party under the terms of the agreement and because a claim for breach of contract is not necessary for the awarding of fees.[24] AWC responds that the addition of TMG's claim in the Pretrial Order does not modify the required contractual interpretation of the Joint Venture Agreement and the deferral of the issue of attorneys' fees for post-trial adjudication does not reflect the viability of TMG's fees claim.[25] TMG replies that AWC's objection to the inclusion of TMG's fees claim in the Pretrial Order is procedurally improper and lacks substantive merit that lack of prior determination of its entitlement to attorneys' fees does not provide the grounds to deny the instant motion.[26]

The Judgment required that any motion for attorneys' fees be filed within the required time period under Federal Rule of Civil Procedure 54(d)(1).[27] TMG's request for attorney's fees is procedurally proper; it both requested attorneys' fees in its

---

[22] R. Doc. 289-1 at p. 3.
[23] R. Doc. 282, *United States Magistrate Judge's Report and Recommendation* ("…the language of the Agreement's fee shifting provision will govern if clear."); R. Doc. 289-1, *Defendant's Objections to the Report and Recommendation* ("… absent a provision contrary to mandatory law or public policy, the JV Agreement has the binding effect of law between the parties.").
[24] R. Doc. 289-1 at p. 7.
[25] R. Doc. 291 at pp. 2-3
[26] R. Doc. 292 at pp. 2-3
[27] R. Doc. 252, *Judgment*, at p. 2.

Answer[28] and filed the instant Motion.[29] The analysis, however, does not end at procedural propriety. The deferral of the issue of attorneys' fees for post-trial adjudication does not reflect any endorsement of either party's claim for attorneys' fees. Claims for attorneys' fees are treated as "collateral matters" because "they are dependent on, and usually await, a determination of the claim on the merits."[30] Each claim for attorneys' fees must be analyzed on the substantive merits of the individual fees claim in the context of and dependent on the outcome of the larger case that has already been adjudicated.[31]

Courts may not award attorneys' fees unless a specific contractual or statutory fee-shifting provision authorizes their awarding.[32] While the specific award of attorneys' fees is not barred as a compulsory counterclaim, AWC's alleged breach of contract is barred as such.[33] Per the plain language of the Joint Venture agreement, a "breach" is necessary to award attorneys' fees under the Agreement's fee-shifting provision.[34] Because there was no judicial determination that AWC breached the Joint Venture Agreement, the award of attorneys' fees to TMG is impermissible.

---

[28] R. Doc. 88 at p. 21 ("…there be judgment in its favor dismissing the claims of Plaintiff, Archer Western Contractors, LLC, with prejudice and at its cost, with attorneys' fees awarded to The McDonnel Group, LLC due to Archer Western Contractors, LLC's defaults under the JV Agreement or as otherwise may
be available.").
[29] R. Doc. 254.
[30] *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 521 (5th Cir. 1994).
[31] *Id.* ("A claim for attorneys' fees or costs generally is not an independent claim for relief essential to the outcome of the case as a whole.")
[32] *See, e.g., Maloney v. Oak Builders, Inc.*, 235 So. 2d 386, 390 (La. 1970).
[33] *See* Fed. R. Civ. P. 13(a); *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 (1974). Additionally, while the case cited in TMG's Reply, *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762 (5th Cir. 1996), addresses the proper procedure for requesting attorneys' fees, the underlying substantive law authorizing attorneys' fees in that case was English fee-shifting law, not a contract or an American statutory fee-shifting provision.
[34] R. Doc. 253-3, *The Joint Venture Agreement*, at p. 16.

5

The Louisiana Civil Code defines the interpretation of a contract as "the determination of the common intent of the parties."[35] This common intent should be "sought by examining the words of the contract itself…"[36] When interpreting a contract, words should be construed based on plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning."[37] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[38]

Whether AWC is liable to TMG for attorneys' fees hinges not on whether the party was in default but rather whether a "default" in this context is synonymous with a breach. It is not. Default is not a claim but rather a legal status.[39] "Breach," however, is not synonymous with "default"; it is a claim that must be brought before a court, which would then adjudicate the claim of breach.[40] Without a judicial

---

[35] La. Civ. C. art. 2045
[36] *Prejean v. Guillory*, 38 So. 3d 274, 279 (La. 2010).
[37] *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 181 (5th Cir. 2007) (quoting *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 6/27/03))
[38] La. Civ. C. art. 2046.
[39] § 1.2. Meaning, 6 La. Civ. L. Treatise, Law Of Obligations § 1.2 (2d ed.) ("When an obligor fails to perform at the time he is expected to render performance, thereby giving rise to the warranted conjecture that if he still intends to perform his performance will be delayed, that necessary transition is accomplished by the *mise en demeure*, the act of putting of the obligor in default, which amounts to a verification that he did not render performance at the time at which his obligation bound him to render it. Only as of the moment of that act of putting in default, technicality though it may sometimes be, is the obligor's failure given the status of an act, negative in content, that is productive of legal consequences."). Putting someone in default is required for certain kinds of damages for breach of contract, *see, e.g.*, La. Civ. C. art. 2010.
[40] § 1.15. Delay, default, fault, breach and the meaning of words, 6 La. Civ. L. Treatise, Law Of Obligations § 1.15 (2d ed.) ("…it can be said that an obligor who delays the rendering of performance has incurred a breach of contract when he has been *put in delay*—or *default*…"). While it "can be said" that a party breached when put in default, this characterization is not a judicial finding of a breach of contract. For a court to award attorneys' fees, more than a party's unilateral determination that the opposing party is in breach of the contract that contains the fee-shifting provision is required.

determination of AWC's having breached the contract, TMG is not entitled to attorneys' fees.[41]

Contrary to what TMG contends in its Motion, the award of attorneys' fees is predicated not on whether a party was put in default of an obligation but rather on a whether a party breached the Joint Venture Agreement. To be awarded, the non-defaulting party's attorneys' fees must arise "out of the Defaulting Party's *breach*," not default.[42] The choice of the word "breach" instead of "default" for this provision where "default" is used elsewhere in the Article further demonstrates that the parties contemplated the differences between the two terms.

Based on its independent and *de novo* review of the record and applicable law, the Court finds that TMG has not demonstrated its entitlement to attorneys' fees under this language of the Joint Venture Agreement. While TMG argues that there need not be "a litigated breach of contract claim against a party prior to the motion for attorneys' fees," TMG fails to cite any authority for its assertion.[43] This Court agrees with the Report and Recommendation that allowing a party to collect attorneys' fees for a breach of contract without judicial determination of a breach "would mean either party could unilaterally declare the contract breached" and thus collect fees based on that unilateral declaration.[44] Allowing the award of attorneys'

---

[41] After its independent review of the record and the applicable law, the Court agrees with the Report and Recommendation and declines to decide whether AWC was properly placed in default in accordance with the terms of the agreement because the award of fees was predicated on a breach of the agreement.

[42] R. Doc. 253-3, *The Joint Venture Agreement*, at p. 17 (emphasis added).

[43] R. Doc. 289-1, at p. 7. The Court also has not found any authority that permits the award of attorneys' fees based on a contractual agreement where the claim allegedly giving rise to the fee-shifting provision was not litigated before a court.

[44] R. Doc. 282, at p. 5.

fees based on one of the party's unilateral declaration of a breach would yield an absurd result.

Because AWC was never found to be in breach of the Joint Venture Agreement and because a breach is required for the award of attorneys' fees under that agreement, TMG is not entitled to attorneys' fees.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant The McDonnel Group, LLC's Objection[45] to the Report and Recommendation of the United States Magistrate Judge is **OVERRULED.**

**IT IS FURTHER ORDERED** that the Court **APPROVES** the Report and Recommendation[46] and **ADOPTS** it as its opinion in this matter.

**IT IS FURTHER ORDERED** that Defendant The McDonnel Group, LLC's Motion for Attorneys' Fees[47] is **DENIED**.

New Orleans, Louisiana, November 17, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[45] R. Doc. 289.
[46] R. Doc. 282.
[47] R. Doc. 254.