# United States Court of Appeals for the Fifth Circuit

No. 25-30321
CONSOLIDATED WITH
No. 25-30479

United States Court of Appeals
Fifth Circuit
**FILED**
March 26, 2026
Lyle W. Cayce
Clerk

Archer Western Contractors, L.L.C.,

*Plaintiff—Appellee*,

*versus*

McDonnel Group, L.L.C.,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:22-CV-5323, 2:22-CV-5323

Before King, Southwick, and Haynes, *Circuit Judges*.

Per Curiam:[*]

This case arises out of a dispute between Archer Western Contractors, L.L.C. ("AWC") and The McDonnel Group, L.L.C. ("TMG") relating to their joint venture, the McDonnel Group, L.L.C./Archer Western Contractors, Ltd. Joint Venture (the "JV"). TMG maintains that the district court abused its discretion in denying its motion to

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Case: 25-30321 Document: 107-2 Page: 2 Date Filed: 04/16/2026



dismiss for failure to join the JV as a necessary and indispensable party under Federal Rule of Civil Procedure 19 and that the district court erred in granting summary judgment for AWC on its breach of contract claim. TMG also maintains that the award of attorneys' fees should be vacated. Finding no error, we AFFIRM.

## I. Background

TMG and AWC entered into a joint venture agreement ("JV Agreement") for the purpose of submitting a bid and getting a contract from the Law Enforcement Division of the Parish of Orleans, State of Louisiana (the "Owner") for a construction project. The JV was successful and entered into a contract with the Owner (the "Contract"). Pursuant to the JV Agreement, AWC had a 70% proportionate share in the JV's profits, losses, and liabilities resulting from the performance of the Contract, and TMG had a 30% share. "To facilitate the handling of any and all matters . . . in connection with performance of the Contract," the JV Agreement dictated that an Executive Committee would be established with a representative from each party, and each representative would "hav[e] a vote equal to his party's Proportionate Share." The JV Agreement designated AWC as the "Managing Party," granting it "charge and supervision over the timely and satisfactory performance of the Contract, subject, however, to the superior authority and control of the Executive Committee." Several disputes arose during the performance of the Contract between the JV and the Owner because of the Owner's purported failure to fully compensate the JV for work completed, which resulted in the filing of various suits in Louisiana state court.

In April 2022, TMG entered into an Agreement of Compromise, Release, Assignment, and Settlement with the Owner ("Settlement Agreement"), by which it received $2,700,000 from the Owner "for

[TMG's] share of the work performed by the JV on the Project" (the "Settlement Funds"). Additionally, in the event that the JV was not terminated, TMG and the Owner agreed that TMG would accept the $2,700,000

> as the amount which is due to it for its 30% of the project under the [JV] Agreement and accept such as full payment of its share of the claims by the JV against the [Owner] and assign[] to the [Owner] and subrogate[] the [Owner] to any and all rights to its 30% share of the claims by the JV against the [Owner].

The Settlement Agreement noted that, in exchange for the Settlement Funds, "TMG assigns to and subrogates to the [Owner] any and all rights it possesses against the [Owner] to the project funds either directly or as a 30% joint venturer in the JV" and that TMG "agrees to take any steps necessary to assure the [Owner] that it receives the rights under this assignment and subrogation of rights including the 30% share of any claims by the JV."

In 2022, AWC brought suit against TMG. It asserted claims for breach of contract, breach of fiduciary duty, and enrichment without cause. In July 2023, the district court denied TMG's motion to dismiss for failure to join the JV and lack of subject-matter jurisdiction, concluding that the JV was a required party but not an indispensable party under Federal Rule of Civil Procedure 19 and thus the case could proceed in its absence. The district court subsequently granted partial summary judgment for TMG, dismissing AWC's claims related to TMG's purported failure to make working capital contributions, and for AWC only as to its breach of contract claim. After a trial was held on the remaining claims, the district court entered judgment in favor of AWC for its breach of contract claim relating to TMG's Settlement Agreement and ordered specific performance of the

JV Agreement by means of TMG's placing $2,700,000 into the JV's bank account. TMG timely appealed.

AWC also moved for attorneys' fees pursuant to Article 15(e) of the JV Agreement. After referring AWC's motion for attorneys' fees to the magistrate judge, the district court adopted the magistrate judge's Report and Recommendation awarding AWC attorneys' fees. TMG timely appealed the attorneys' fees award, maintaining on appeal that the award must be vacated if we reverse the district court's grant of summary judgment on the breach of contract claim.

## II. Jurisdiction & Standard of Review

The district court had jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291 because TMG appeals from the final judgment, and we have jurisdiction over the separately filed appeal from the district court's order awarding attorneys' fees. *See Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988) ("Denials and awards of attorney's fees may be appealed separately as final orders after a final determination of liability on the merits.").[1]

We review a district court's subject-matter jurisdiction de novo and its determination of whether a party is necessary and indispensable for abuse of discretion. *Moss v. Princip*, 913 F.3d 508, 513–14 (5th Cir. 2019). "A district court abuses its discretion when its ruling is based on an erroneous view of the law" or "it does not consider a relevant factor that should have been given significant weight." *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 559 (5th Cir. 2023) (citation modified); *see also McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003) ("A district court abuses its

[1] The two cases (summary judgment and attorneys' fees) were separately filed, but the two cases have been consolidated together, so we are considering both here.

discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts.”).

We review a district court’s grant of summary judgment de novo, applying the same standards as the district court. *See Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is appropriate only if “there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed. R. Civ. P. 56(a). We “view[] all evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in that party’s favor.” *Pierce v. Dep’t of U.S. Air Force*, 512 F.3d 184, 186 (5th Cir. 2007). “On appeal, a district court’s interpretation of a contract is a matter of law reviewable de novo.” *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 813 (5th Cir. 1993).

## III. Discussion

### A. Rule 19

Under Rule 19, a party is a required party, and therefore must be joined if it is subject to service of process and its presence would not deprive the district court of subject-matter jurisdiction, if the district court either (1) “cannot accord complete relief among existing parties” in its absence, or (2) the party “claims an interest relating to the subject of the action” and “disposing of the action in” that party’s “absence” may impede its ability to protect its interest or leave an existing party subject to a substantial risk of incurring multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1). If a required party cannot be joined because doing so would divest the district court of subject-matter jurisdiction, “the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.” Fed. R. Civ. P. 19(b). In determining

whether a party is dispensable such that the case may nevertheless proceed in their absence, courts are to consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> >
> > (B) shaping the relief; or
> >
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

The district court concluded that the JV is a required party under Rule 19(a). Because joining the JV, which takes on the citizenship of its constituent members, *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008), would destroy the district court's subject-matter jurisdiction, the district court concluded that joinder of the JV was not feasible. The district court then turned its attention to the issue of whether the JV is an indispensable party under Rule 19(b) and concluded that it was not, so the case could proceed in its absence. The district court explained that, under our decision in *Moss*, 913 F.3d at 515–20, a partnership, and therefore also a joint venture,[2] is not an indispensable party to an action when all of its constituent partners are parties and thus may adequately protect the

---

[2] *See Latiolais v. BFI of La., Inc.*, 567 So. 2d 1159, 1161 (La. Ct. App. 1990) ("In general, joint ventures are governed by the law of partnership." (citation modified)).

partnership and the parties from prejudice. The district court concluded that: the parties did not demonstrate that the JV's interests, though legally distinct, varied from those of AWC and TMG; TMG failed to explain how the JV would be prejudiced in its absence; any potential prejudice to AWC and the risk of successive or duplicative litigation could be lessened by tailoring relief in the suit to bind the JV's constituent members;[3] and the fact that AWC demonstrated "a weak interest in the federal forum" did not outweigh the other factors favoring proceeding without the JV.[4]

Given our clear precedent in *Moss* establishing that a partnership is not necessarily an indispensable party when each of its partners are parties to the case and relief can be tailored to reduce prejudice to the absent partnership, 913 F.3d at 515–20, and the fact that each member of the JV is a party to the present case, the district court did not abuse its discretion in concluding that the JV was not an indispensable party. The district court analyzed the relevant factors, considered them together, and concluded that they weighed in favor of proceeding without the JV. This conclusion was not based on an erroneous view of the law, and it did not fail to adequately consider and weigh the relevant factors. Accordingly, despite the JV not being a party in the case, we will not dismiss.

---

[3] Additionally, importantly, AWC is the high percentage (above 50%) partner of the JV.

[4] The district court also correctly noted that TMG's argument that the JV was the real party in interest according to Rule 17(a) is inconsequential, as Rule 17(a) does not factor into whether a party must be joined under Rule 20. *See Moss*, 913 F.3d at 520 (noting that "the question of who should or may be joined in the action must be determined under Rule 19 and Rule 20 rather than Rule 17(a)" and that "the fact that an absent person could bring the action as a real party in interest does not of itself make that person a necessary or indispensable party" (citation modified)).

**B. Summary Judgment**

The Supreme Court of Louisiana has held that, in a breach of contract case, the plaintiff must establish that the "(1) defendant[] owed them an obligation; (2) defendant[] failed to perform that obligation; and (3) defendant['s] failure resulted in damages to the plaintiff[]." *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 193 So. 3d 1110, 1115 (La. 2015). Put differently, the plaintiff must establish the existence of an agreement, the breach of that agreement, and that the plaintiff suffered damages resulting from the breach.

The district court held that TMG violated four provisions of the JV Agreement. One of those provisions was Article 8(a), which stated that "all of the funds received by the [JV] or by any of the parties on behalf of the [JV] in connection with the performance of said Contract shall be deposited" in the JV's bank account. Because AWC sought and the district court granted specific performance as to only Article 8(a), we need only address whether the district court erred in its analysis of this provision.[5]

Per the terms of the Settlement Agreement, TMG and the Owner agreed that the Owner would "issue a final payment in the amount of $2,700,000 to TMG for its share of the work performed by the JV on the Project." Insofar as payment for work done by the JV in performing under the Contract is property of the JV, receiving money for work performed by the JV is necessarily receiving funds "on behalf of the [JV] in connection with the performance of [the] Contract." The Settlement Funds were

---

[5] Nevertheless, for the same reasons discussed by the district court, we agree with the district court's conclusion that TMG breached Articles 2(b), 4(c)(vi), and 16(a) of the JV Agreement.

therefore required to be deposited in the JV's bank account, and TMG's decision to keep the Settlement Funds for itself violated this provision.

TMG also argues that AWC failed to provide evidence of any damages, which it notes is a necessary element of a breach of contract claim. We disagree because the money has affected AWC. Insofar as the JV was entitled to the Settlement Funds that TMG retained in violation of Article 8(a), AWC, as a member of the JV, was necessarily damaged by the wrongful retention of the Settlement Funds. As such, summary judgment on the breach of contract claim was proper.

### C. Attorneys' Fees

TMG maintains that we should vacate the fee award if we reverse the ruling below. It does not challenge the amount awarded, nor does it suggest that the award should be altered if we do not reverse the district court's judgment. Because the district court did not err in granting summary judgment for AWC, we decline to vacate the fee award.

## IV. Conclusion

The district court did not abuse its discretion in permitting the case to proceed without the JV, nor did it err in concluding that AWC was entitled to summary judgment on its breach of contract claim. Accordingly, we AFFIRM.